## HURLEY *v.* MANCHESTER.

In a declaration against a town for a special damage happening by reason
of the insufficiency of a highway, it is not necessary to allege that
the highway was established in one of the modes authorized by statute.

CASE, for damage happening by reason of a defect in a
highway. The defendant demurred to the second count
in the declaration, which alleged that on the 12th day of
February, 1858, there was, and for many years before that
time had been, and is now, a public highway in said city
of Manchester, known as Amherst street, beginning at a

point on Elm-street, in said Manchester, near the store of Tewksbury & Wilson, and there intersecting with said Elm-street, thence running easterly to where said Amherst-street is intersected by Chestnut-street, so called, near the house owned by one John D. Patterson, which said high-way, on said 12th day of February, and for many years before that time, was, and ever since hath been, and is used by all people who will pass thereon; and on said 12th day of February, 1858, there was, and for many years before that time had been, and is now, upon either side of said highway, and constituting a part thereof, a side-walk, which said side-walk, on said 12th day of February, 1858, and for many years before that time, and ever since, has been, was and is devoted to the use of and usually traveled by all persons passing over and along said highway on foot, which said highway and the side-walk, so constituting a part thereof as aforesaid, the said city of Manchester, on the said 12th day of April, 1858, and long before was, and ever since hath been, and is bound by law to keep in good and sufficient repair and free from all incumbrances and all obstructions arising from the same, and from all defects in the same, so that no special damage shall happen to any person by reason of such insufficiency, want of repair, incumbran-ces, obstructions or defects, &c. &c.

*S. N. Bell*, for the defendant.

The declaration is defective in not alleging that the highway existed in one of the modes pointed out by the statute. Comp. Stat., ch. 57, sec. 7. It should have been alleged that the highway was laid out agreeably to the statute, or had been used by the public as a highway for more than twenty years. Since the passage of the Revised Statutes public highways exist in this State only in those two ways. The allegation that the city was bound to keep it in repair is only a statement of an inference of

law.   Such inference need not be stated, but the facts on which it depends should be stated.   *Read* v. *Chelmsford,* 26 Pick. 218.   One of those facts is that the highway was duly laid out.   The city is bound to repair the highways laid out as the statute prescribes, and are rendered liable for damages on such highways only.   Even if the allegation that the "city was bound to repair the road," were essential, as was intimated in *Corey* v. *Bath,* 35 N. H. 530, that does not dispense with the equally essential allegation that the highway was legally laid out, or had been used by the public for twenty years.   There is no necessary inference that because the city was bound to keep a highway in repair, which is a liability that might be imposed on them in various modes, there existed such a highway as would entitle the plaintiff to recover under the statute for special damage.

*Morrison & Stanley,* for the plaintiff.

DOE, J.*   The count is sufficient without an allegation that the highway was established in one of the modes recognized by the statute.

*Demurrer overruled.*

* BELL, C. J., did not sit.